UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELISSA A. BROCKELBANK,

       Debtor.

_____/

Case No. 21-00125-swd
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

On December 14, 2021, at the request of chapter 7 trustee Thomas Tibble (the "Trustee"), the court entered its Order Granting Trustee's Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims if No Objection is Timely Filed (ECF No. 64, the "Order"). Shortly after entry of the Order, interested parties Don Anselmo and Angie Anselmo filed an objection (ECF No. 66) to the Order and the proposed abandonment.

The court set the matter for hearing, which took place on February 22, 2022 in Kalamazoo, Michigan. Attorneys Paul Davidoff (for the Anselmos), Stephen Langland (for the Trustee), and Todd Almassian (for Scott McCrum and Stallion Properties, LLC) all participated. After listening to oral argument, and considering the Solemn Affirmation of Scott McCrum (ECF No. 70), the court announced its decision to disapprove of the proposed abandonment.

The court is not persuaded that the real estate at the center of this controversy (401 West Kilgore Avenue, Portage, Michigan) is included within the Debtor's bankruptcy estate under 11 U.S.C. § 541,[1] and because a bankruptcy trustee may only abandon "property of the estate" under § 554(a), the court cannot approve the abandonment.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

In other words, in order to approve the abandonment as proposed under § 554, the court would have to conclude that the Debtor had an interest in the real estate on the petition date.  Here, however, all parties agreed that on the petition date, Stallion Enterprises, LLC, held title to the property, having taken its interest by way of a prepetition transfer from Amazing Enterprises, LLC.  The Debtor is evidently outside the relevant chain of title.  Accepting this uncontroverted fact, the most we can say is that the Debtor had a 20% membership interest in Stallion Enterprises, LLC, (and probably the membership interest in Amazing Enterprises, LLC) on the petition date.

Under Michigan law, which the court must consult under *Butner v. United States*, 440 U.S. 48 (1979), and 28 U.S.C. § 1652, the Debtor had no interest in the West Kilgore Avenue property specifically on the petition date that could be included within her bankruptcy estate under § 541(a) because "[a] member has no interest in specific limited liability company property."  *See* M.C.L. § 450.4504(2).[2]

Moreover, the court subscribes to the view that a trustee's avoidance powers under Chapter 5 are statutory powers, not property.  Although the Trustee may certainly decline to exercise an avoidance power, he cannot, in the court's opinion, "abandon" the power within the meaning of § 554.  *Moyer v. ABN Amro Mortgage Group, Inc. (In re Feringa)*, 376 B.R. 614, 624-25 (Bankr. W.D. Mich. 2007).

For the foregoing reasons, the court cannot approve the proposed abandonment of either the real estate or the power to avoid its transfer, and therefore will withdraw the Order.

---

[2] For similar reasons, the court cannot perceive how the Trustee could avoid the transfer by non-debtor Amazing Enterprises, LLC, to Stallion Enterprises, LLC, and certainly any recovery for the estate would violate the absolute priority rule underlying the principle of limited liability and M.C.L. § 450.4504(2).  The creditors of Amazing Enterprises, LLC -- an entity distinct from its owners -- would have to be satisfied before the creditors of its members, even a single member.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Order (ECF No. 64) is WITHDRAWN and without further force or effect.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Melissa A. Brockelbank, A. Todd Almassian, Esq., Steven Mark Bylenga, Esq., Paul F. Davidoff, Esq. Stephen L. Langeland, Esq., and the United States Trustee (via first class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 14, 2022**



Scott W. Dales
United States Bankruptcy Judge